## LILIENTHAL BROS. v. STEARNS.

(Circuit Court, D. Oregon. March 13, 1903.)

### No. 2,748.

**1 CONTRACTS—RIGHT OF RESCISSION—CONSTRUCTION—MUTUALITY.**
A contract for the purchase of growing hops provided that the buyer should have the right to examine the condition of the hops before picking, to determine whether they would produce the quality called for, "and if at such time they should on such examination ascertain" that the growing hops were not in the condition required they might terminate the contract. *Held*, that the quoted clause of the contract did not confer on the buyers authority to arbitrarily decide as to the quality of the hops, so as to render the contract void for want of mutuality.

Cotton, Teal & Minor, for plaintiffs.
Wm. D. Fenton, for defendant.

BELLINGER, District Judge. This is an action upon a hop contract. Defendant demurs to the complaint upon the ground that it shows on its face that the contract sued upon is lacking in mutuality. The contract sued upon, among other provisions, contains the following:

"Provided, that before, at or during the time of picking such hops the buyers shall have the right to examine the condition of the growing hops to determine whether or not the same at such time are in the condition in which they should be to produce the quality called for under the terms of this agreement, and if at such time they shall upon such examination ascertain that the growing hops are not in such condition, then the buyers may at their option, and when request is made for the payment of the advances, give notice in writing to the seller by mailing such notice to the seller's address above specified, that the hops are not in the condition agreed on and that they will not purchase or receive any or all of the hops bargained to them by the terms of this agreement, and that they will make no advances or further advances to the seller pursuant to its terms, and in such event the buyers shall be discharged from any obligation to make any advances or further advances, and from the obligation to purchase or receive any part or the whole of said hops; but this instrument shall stand and remain in full as a mortgage upon the whole of said hop crop for advances which they may make

¶ 1. Mutuality in contracts, see note to American Cotton Oil Co. v. Kirk. 15 C. C. A. 543.

or have made, and for interest thereon, and as a contract for the sale of such portion of said crop as the buyers may by such notice declare their intention to purchase pursuant to this contract."

It is contended, in behalf of the demurrer, that by this provision the plaintiffs may, at their option, abandon their contract of purchase. I am of the opinion that the phrase, "and if at such time they shall upon such examination ascertain" that the growing hops are not in the condition required, does not confer upon the plaintiffs the authority to decide for themselves whether the hops are in the condition required by the terms of the contract. By the word "ascertain" the right is reserved to the plaintiffs merely to acquire information, not to decide as to the condition of the hops. The question as to whether the hops are of such quality as required by the contract is one, in case of dispute, that must be determined in the usual mode by which disputed questions are determined in controversies between parties.

The demurrer is overruled.